**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DARWIN JESUS HERNANDEZ JULIAO, | Civil Action No. 26-6255 (JXN) |
| Petitioner, | |
| v. | **OPINION** |
| LADEON FRANCIS, *et al.*, | |
| Respondents. | |

**NEALS**, District Judge

Before the Court is Petitioner Darwin Jesus Hernandez Juliao's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents filed an opposition to the Petition (ECF No. 20), and Petitioner replied (ECF No. 21). The Court considered the parties' submissions in support of and opposition to the Petition and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is dismissed without prejudice for lack of jurisdiction.

## I.    BACKGROUND

Petitioner, a native of Venezuela, entered the United States on April 5, 2024, without admission or parole. (ECF No. 20 at 1; *see* ECF No. 20-1 at 2.) On April 5, 2024, Immigration and Customs Enforcement ("ICE") agents encountered Petitioner and issued him a Notice to Appear. (*Id.*; ECF No. 20-1 at 4.) On April 6, 2024, Petitioner was released into the country on his own recognizance. (*Id.*; ECF No. 20-2.) On May 12, 2026, U.S. Immigration and Customs Enforcement

1

("ICE") was notified by Nassau County Police Department that Petitioner had been detained following his arrest for Public Lewdness. (*Id.* at 2; ECF No. 20-3.)

ICE subsequently took Petitioner into custody, and on May 13, 2026, an immigration officer determined that, pursuant to Immigration and Nationality Act ("INA") section 236, Petitioner was to be detained pending a final administrative determination. (*Id.*; ECF No. 20-5.)

In his Petition, Petitioner argues that his immigration detention under 8 U.S.C. § 1225(b) is unlawful and violates his due process rights. (*See generally* ECF No. 1.) Respondents filed a response arguing that Petitioner is lawfully detained under 8 U.S.C. § 1226(a). (*See* ECF No. 20.) Respondents submit that as Petitioner has failed to motion for a bond hearing before an immigration judge ("IJ"), this Court lacks jurisdiction to consider her habeas petition. (*Id.* at 2.) Petitioner replied, again arguing that his detention under § 1225(b) is unlawful. (*See* ECF No. 21.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on the petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

### III.    DISCUSSION

In his Petition, Petitioner challenges his ongoing detention. (ECF No. 1.) Petitioner is detained under 8 U.S.C. § 1226(a). (*See* ECF No. 20.)

Under 8 U.S.C. § 1226(a), the Government is authorized to detain, conditionally parole, or release an alien subject to removal proceedings prior to the issuance of a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 288-89 (2018); *see also* Zheng v. Rokosky, No. 26-01689, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026) ("Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress . . . ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). As such, where the Government chooses to detain an alien, the alien may request a bond hearing before an immigration judge and may appeal any adverse decision regarding his bond request to the Board of Immigration Appeals. *See, e.g., Borbot*, 906 F.3d at 278-79; *see also* 8 C.F.R. § 1236.1(d)(1) (alien detained under § 1226(a) "may, at any time before [a removal order] becomes final" request a bond hearing before an immigration judge). At a bond hearing under the statute, the alien bears the burden of proving that he is neither a danger to the community nor a flight risk. *Id.* at 279.

3

Here, Petitioner does not dispute that he has not requested a bond hearing before an IJ. Rather than request a bond hearing, Petitioner filed the instant Petition seeking his release from custody. "Immigration detainees seeking to invoke this Court's habeas jurisdiction . . . must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20-6459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020), (citing *Duvall v. Elwood*, 336 F.3d 228, 233-34 (3d Cir. 2003)). "[E]ven when an alien is attempting to prevent . . . [removal] proceeding[s] from taking place in the first instance and is thus not, strictly speaking, attacking a final order of [removal] . . ., it is well settled that judicial review is precluded if the alien has failed to avail himself of all administrative remedies." *Duvall*, 336 F.3d at 233. As exhaustion is jurisdictional, a habeas petitioner's failure to exhaust his claim before the immigration court "is fatal to the District Court's jurisdiction over [a] habeas petition." *Id.*

The Court finds that it would not be futile to require exhaustion. "Courts in the Third Circuit have excused exhaustion in cases in which the United States argues 8 U.S.C. § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals' decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025)." *Duque v. Soto*, No. 26-2638, 2026 WL 904231, at *2 (D.N.J. Apr. 2, 2026). But that is not the case here. Failure to exhaust will not be excused when it is a choice. *See Hayes v. Ortiz*, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him.")

"In a fundamentally fair bond hearing, due process has three essential elements. '[A noncitizen]: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3)

4

has the right to an individualized determination of his [or her] interests.'" *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at \*2 (3d Cir. Feb. 25, 2022) (second alteration in original). This Court cannot say that the immigration courts are categorically unable to provide Petitioner with a fundamentally fair bond hearing on the present record.

Because Petitioner has not requested a bond hearing, his request for release in the instant Petition is unexhausted and must be dismissed as such. *See Duvall*, 336 F.3d at 233 (noting that detainee's failure to exhaust administrative remedies was "fatal to the District Court's jurisdiction over her habeas petition"). Accordingly, the Petition will be dismissed without prejudice.

## IV.   CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DISMISSED** *without prejudice*. An appropriate Order accompanies this Opinion.

**DATED**: 6/20/2026

**JULIEN XAVIER NEALS**
**United States District Judge**